# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK MARTIN, et al.,<br><br>                Plaintiffs,<br><br>     v.<br><br>FORD MOTOR COMPANY,<br><br>                Defendant. | Case No. 1:23-cv-00583-ADA-SAB<br><br>ORDER REQUIRING PARTIES TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT ISSUE FOR FAILURE TO COMPLY WITH COURT ORDER<br><br>(ECF Nos. 11, 12, 13, 14)<br><br>**DEADLINE: AUGUST 23, 2023** |

        On June 26, 2023, the parties filed a notice of settlement of this action. (ECF No. 11.) "Upon such notification of . . . resolution of an action . . . the Court shall fix a date upon which the documents disposing of the action or motion must be filed, which date shall not be more than twenty-one (21) days from the date of said notification, absent good cause." L.R. 160(b). Pursuant to the notice of settlement, the Court vacated all pending dates and matters, and set the deadline to file dispositional documents for July 17, 2023. (ECF No. 12.) On July 17, 2023, Plaintiffs filed a status report requesting an extension of time to September 15, 2023, to complete obligations under the settlement agreement, or alternatively to retain jurisdiction and extend the deadline for Plaintiffs to seek attorneys' fees. (ECF No. 13.) On July 18, 2023, the Court granted the request in part, extending the deadline for the parties to file dispositional documents, or for Plaintiffs to file a motion for attorneys' fees, until August 16, 2023. (ECF No. 14.)

1

As the Court noted in the order:

> Requests to extend filing deadlines that are made on the eve of a deadline will be looked upon with disfavor and may be denied absent a showing of good cause for the delay in seeking an extension. The parties are also advised that if such a request is made after a deadline, the party seeking the nunc pro tunc extension must show additional good cause as to why the matter was filed late. Plaintiffs' unilateral request for an extension of time, filed on the deadline, indicates the agreement is complete and additional time is only sought because Plaintiffs have not yet received his settlement funds or resolved the issue of attorneys' fees.
>
> The parties' initial notice of settlement did not mention retention of jurisdiction. The parties are advised that once the terms of a settlement agreement are finalized and the settlement agreement is signed by the parties, dismissal is not dependent on performance but rather settlement of the action. This Court generally declines requests to retain jurisdiction following dismissal, absent a specific request and showing of good cause, and the Court does not generally view receipt of settlement funds as sufficient good cause.
>
> Given a potential noticed motion concerning disputed attorneys' fees may be forthcoming, the Court finds good cause, at this time, to extend the deadline to file dispositional documents, or such noticed motion, for thirty (30) days.

(ECF No. 14 at 2-3.)

The deadline to file dispositional documents or motion for attorneys' fees has now expired and the parties have not done so, nor requested an extension of time from the Court. Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions … within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000). The Court shall require the parties to show cause why sanctions should not issue for the failure to file dispositional documents, or for Plaintiffs to file a motion for attorneys' fees, in compliance with the Court's order issued July 18, 2023.

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. The parties shall show cause in writing **no later than August 23, 2023**, why **monetary sanctions** should not issue for the failure to comply with the Court's July 18, 2023, order; and

2. Failure to comply with this order will result in the issuance of sanctions.

IT IS SO ORDERED.

Dated:   **August 17, 2023**

UNITED STATES MAGISTRATE JUDGE