# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK MARTIN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>FORD MOTOR COMPANY,<br><br>　　　　Defendant. | Case No. 1:23-cv-00583-ADA-SAB<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE AND REQUIRING PARTIES TO FILE DISPOSITIONAL DOCUMENTS<br><br>(ECF Nos. 11, 12, 13, 14, 15, 17, 18)<br><br>**DEADLINE: AUGUST 25, 2023** |

　　　　On June 26, 2023, the parties filed a notice of settlement of this action. (ECF No. 11.) "Upon such notification of . . . resolution of an action . . . the Court shall fix a date upon which the documents disposing of the action or motion must be filed, which date shall not be more than twenty-one (21) days from the date of said notification, absent good cause." L.R. 160(b). Pursuant to the notice of settlement, the Court vacated all pending dates and matters, and set the deadline to file dispositional documents for July 17, 2023. (ECF No. 12.) On July 17, 2023, Plaintiffs filed a status report requesting an extension of time to September 15, 2023, to complete obligations under the settlement agreement, or alternatively to retain jurisdiction and extend the deadline for Plaintiffs to seek attorneys' fees. (ECF No. 13.) On July 18, 2023, the Court granted the request in part, extending the deadline for the parties to file dispositional documents, or for Plaintiffs to file a motion for attorneys' fees, until August 16, 2023. (ECF No. 14.)

As the Court noted in the order:

> Requests to extend filing deadlines that are made on the eve of a deadline will be looked upon with disfavor and may be denied absent a showing of good cause for the delay in seeking an extension. The parties are also advised that if such a request is made after a deadline, the party seeking the nunc pro tunc extension must show additional good cause as to why the matter was filed late. Plaintiffs' unilateral request for an extension of time, filed on the deadline, indicates the agreement is complete and additional time is only sought because Plaintiffs have not yet received his settlement funds or resolved the issue of attorneys' fees.
>
> The parties' initial notice of settlement did not mention retention of jurisdiction. The parties are advised that once the terms of a settlement agreement are finalized and the settlement agreement is signed by the parties, dismissal is not dependent on performance but rather settlement of the action. This Court generally declines requests to retain jurisdiction following dismissal, absent a specific request and showing of good cause, and the Court does not generally view receipt of settlement funds as sufficient good cause.
>
> Given a potential noticed motion concerning disputed attorneys' fees may be forthcoming, the Court finds good cause, at this time, to extend the deadline to file dispositional documents, or such noticed motion, for thirty (30) days.

(ECF No. 14 at 2-3.)

The deadline to file dispositional documents or a motion for attorneys' fees expired and the parties did not file any such document nor requested an extension of time from the Court. On August 17, 2023, the Court issued an order to show cause why sanctions should not be imposed for the failure to comply with the Court's order.

On the same date, August 17, 2023, the parties filed a stipulated request for an order approving the award of attorneys' fees and costs, submitted to the District Judge assigned to this action. (ECF No. 16.) On the same date, Plaintiffs filed a response to he order to show cause. (ECF No. 17.) On August 18, 2023, the District Judge entered the order granting the parties' stipulation regarding attorneys' fees and costs. (ECF No. 18.)

Turning to the response to the order to show cause, Plaintiffs submitted a declaration of a paralegal. (ECF No. 17.) The declaration describes that: on August 8, 2023, Plaintiffs' counsel sent an email to counsel for Defendant to meet and confer regarding Plaintiffs' demand to resolve attorneys' fees, costs and expenses in light of the August 16, 2023 deadline to file their motion;

counsel for Ford stated he would discuss with his client; the discussions continued on August 11, 2023; the parties resolved the issue of fees, costs and expenses on August 14, 2023; Plaintiffs prepared and emailed a stipulation and proposed order regarding their attorneys' fees, costs and expenses to Defendant that same morning; Defendant did not respond; on August 16, 2023, Plaintiffs sent a follow up email inquiring about the stipulation and order; Defendant did not respond; on August 17, 2023, Plaintiffs sent another follow up email requesting the stipulation be signed and returned promptly; Defendant responded, requested a revision, and approved of the stipulation to be filed; and that same day, Plaintiffs the stipulation and proposed order regarding Plaintiffs' attorney's fees, costs and expenses and emailed a copy to District Judge Ana de Alba's email box. (ECF No. 17.)

The Court finds sufficient good cause to discharge the order to show cause, however, it is not clear from the response when a stipulation of dismissal would be forthcoming. Given the issue of attorneys' fees has now been resolved through a stipulation entered by the Court in this action, the Court shall order dispositional documents to be filed.

Accordingly, IT IS HEREBY ORDERED that:

1. The Court's order to show cause issued August 17, 2023, (ECF No. 15), is DISCHARGED;
2. The parties shall file a stipulation of dismissal of this action **on or before August 25, 2023**; and
3. The failure to comply with this order may result in the issuance of sanctions.

IT IS SO ORDERED.

Dated: __August 18, 2023__

_____
UNITED STATES MAGISTRATE JUDGE